Peter Kristofer Strojnik, State Bar No. 026082
strojnik@skplaw.com
**THE STROJNIK FIRM LLC**
**A LIMITED LIABILITY COMPANY**
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 510-9409
Facsimile: (602) 773-0370

Attorneys for Plaintiff THERESA BROOKE

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim, | Case No: |
| Plaintiff, | **VERIFIED COMPLAINT** |
| vs. | |
| REGENCY INN – DOWNEY, LLC, a California limited liability company dba Regency Inn and Suites, | (Jury Trial Demanded) |
| Defendant. | |

Plaintiff alleges:

## **PARTIES**

1. Plaintiff Theresa Brooke is a married woman currently residing in Pinal County, Arizona. Plaintiff is and, at all times relevant hereto, has been legally disabled, confined to a wheel chair, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq. Plaintiff ambulates with the aid of a wheelchair due to the loss of a leg.

2.     Defendant, Regency Inn – Downey, LLC, owns and/or operates and does business as the hotel, Regency Inn and Suites in Downey, California. Defendant also operates the website www.regencyinnla.com ("Defendant's website"). Defendant's hotel and website are both places of public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and 28 C.F.R. Part 36.

## INTRODUCTION

3.     Plaintiff Theresa Brooke brings this action against Defendant, alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., Subtitle A, (the "ADA") and its implementing regulations, specifically 28 C.F.R. Part 36.

4.     Plaintiff is a disabled woman confined to a wheelchair. She brings this civil rights action pursuant to Title III of the ADA and its implementing regulations, specifically 28 C.F.R. § 36.302(e)(1)(i), for Defendant's failure to operate an online reservation system that permits patrons to reserve ADA accessible rooms in the "same manner" and during the "same hours" as persons can reserve *non*-accessible rooms. Therefore, Plaintiff seeks a declaration that Defendant has violated federal law and a permanent injunction requiring Defendant to modify its policies and procedures such that its online reservation system accommodates disabled persons' desire to reserve ADA accessible rooms online in the same manner as able-bodied persons are able to reserve *non*-accessible rooms, the Court to retain jurisdiction of this matter for a period to be determined to ensure that Defendant comes into compliance with the relevant requirements of the ADA, and to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

5.     In compliance with R10-3-405(H)(1), Plaintiff's address is c/o Peter Kristofer Strojnik, her attorney, 2415 East Camelback, Suite 700, Phoenix, Arizona 85016.

**JURISDICTION AND VENUE**

6. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188.

7. The Court has personal jurisdiction over Defendant because it engages in systematic and continuous business here in the State of Arizona, and because it advertises its services via the website, which is the location at which Plaintiff was injured.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and the injury complained of occurred here in this District.

**ALLEGATIONS COMMON TO ALL COUNTS**

9. Plaintiff and her husband are avid travelers, especially to California where Plaintiff operates disability rights' ventures. Due to Plaintiff's many special needs, she requires the use of lodging rooms that are accessible to her and have the standard accessibility features such as roll-in showers, adequate spacing around the furniture in the lodging room, grab bars surrounding the toilet, and other commonly-accepted accessibility features.

10. Plaintiff cannot lodge at a hotel or inn without the commonly-accepted features of an ADA-accessible room such as a roll-in shower, grab bars surrounding the toilet, shower transfer chairs, wider entry-ways to accommodate Plaintiff's wheelchair, and other commonly-accepted ADA features.

11. Plaintiff has not always been disabled. It was only in 2013 that she became disabled, which is when a disease from which she suffered (lymphedema) caused her to have to make the difficult decision of allowing physicians to amputate her leg so that the disease would not spread the remainder of her body.

12. On or about July 1, 2017, Plaintiff went to Defendant's website for purposes of booking a room later this year. Plaintiff prefers booking rooms online

1  because it offers her a less-expensive rate than reservation by telephone. Of course,
2  since Plaintiff requires the use of an ADA accessible room, she attempted to reserve
3  one. Plaintiff entered her desired dates for later this month, but the website only offered
4  non-accessible rooms for her desired dates. Thinking that perhaps the hotel was simply
5  booked for her selected dates *versus* it not offering ADA accessible rooms at all,
6  Plaintiff tried a few different dates farther out. Plaintiff tried two months out and four
7  months out, and she encountered the same discrimination.

8        13.    Plaintiff later discovered on Defendant's website that it states as a matter
9  of fact that it does not accommodate reservations for ADA accessible rooms via its
10 online reservation system. Instead, unlike reservations for *non*-accessible rooms, a
11 patron must call Defendant to reserve an ADA room. At the URL
12 http://www.regencyinnla.com/accommodations.php, Defendant makes this abundantly
13 clear, to wit (*see also* Exhibit 1):

- ADA compatible /Handicap Accessible room (call hotel directly for availability & res
- Smoking & Non-Smoking Rooms available on request, not guaranteed.
- King Bed - with 24-hr advance reservation - up to 2 adults.
- Two Queen Beds – with 24-hr advance reservation - up to 2 adults.

18       14.    Defendant therefore does not allow Plaintiff or other disabled Americans
19 the option of reserving ADA accessible rooms via its online website notwithstanding
20 the fact it allows patrons to reserve non-accessible rooms.

21       15.    Plaintiff will not book a room at Defendant's hotel until it modifies its
22 policies and procedures regarding its website.

23       16.    Plaintiff will check Defendant's website periodically to see if it has
24 modified its policies and procedures to allow her to reserve an ADA accessible room
25 online, and if Defendant does in fact modify its policies, Plaintiff will reserve an ADA
26 accessible room online for Plaintiff's many planned trips to Colorado in the coming
27 months.

28

17. As a result of Defendant's non-compliance with the ADA, Plaintiff, unlike persons without disabilities, cannot reserve lodging rooms in the "same manner" as persons seeking *non*-accessible accommodations.

18. She also cannot reserve rooms during the "same hours" because the internet does not close whereas phone registration and reservation desks generally have finite operational hours.

19. In violation of 28 C.F.R. § 36.302(e)(1)(i), Defendant does not allow disabled Americans to reserve rooms in the "same manner" and during the "same hours" as able-bodied Americans seeking to reserve *non*-accessible rooms.

20. Defendant's violation of this section is intentional. Plaintiff advised Defendant of this oversight and advised that this suit would be brought if the issue was not remediated. Defendant ignored Plaintiff's notice.

21. Upon information and belief, Defendant does not have a plan or policy that is reasonably calculated to make its website fully accessible to and independently usable by, disabled people.

**FIRST CAUSE OF ACTION**
**(Violation of Title III the Americans with Disabilities Act)**

22. Plaintiff incorporates all allegations heretofore set forth.

23. Defendant has discriminated against Plaintiff and other disabled Americans pursuant to Title III of the ADA and 28 C.F.R. § 36.302(e)(1)(i) in that it has failed to make its website reservation system fully and equally accessible to Plaintiff and disabled persons.

24. Defendant has violated 28 C.F.R. § 36.302(e)(1)(i) in that it does not allow for the reservation of ADA accessible rooms in the same manner and during the same hours as a patron can reserve *non*-accessible rooms.

25. Modification of Defendant's policies and procedures would neither fundamentally alter the nature of Defendant's website nor result in an undue burden to Defendant.

26. Modification of Defendant's website to allow for the reservation of ADA accessible rooms thereon is readily achievable due to the simplicity of changing content of websites. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

27. Conversely, the cessation of compliance with the ADA law is also readily achievable by re-changing Defendant's website to <u>not</u> allow reservation of ADA rooms online. Therefore, injunctive relief should issue irrespective of Defendant's potential voluntary cessation pursuant to the Supreme Court's announcement in *Friends of the Earth* case[1].

28. Defendant's conduct is ongoing, and, given that Defendant has never fully complied with the ADA's requirements that public accommodations make lodging services fully accessible to, and independently usable by, disabled individuals, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

29. Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's

---

[1] *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000):

> It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave the defendant free to return to his old ways. In accordance with this principle, the standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.

requirements that its website be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against both Defendants as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants took no action that was reasonably calculated to ensure that their website is in compliance with 28 C.F.R. § 36.302(e);

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendants to take all steps necessary to bring their website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the online reservation system is designed and implemented so that ADA accessible rooms can be reserved through the online reservation system;

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit;

d. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505 and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines[2]; and,

e. Order closure of the Defendant's website until Defendant has fully complied with the ADA; and

---

[2] As applicable to ADA cases. See, *Coppi v. City of Dana Point*, Case No. SACV 11-1813 JGB (RNBx) (February, 2015).

f.  The provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 2d day of July, 2017.

**THE STROJNIK FIRM L.L.C.**

/s/ Peter Kristofer Strojnik
Peter Kristofer Strojnik (026082)
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Attorneys for Plaintiff

## VERIFICATION COMPLIANT WITH R10-3-405

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 2d day of July, 2017.

_____
Theresa Brooke